23-7501-cv
*Cates v. Procter & Gamble Co., et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-four.

Present:

> REENA RAGGI
> WILLIAM J. NARDINI,
> > *Circuit Judges*,
> NATASHA C. MERLE,
> > *District Judge*.[1]

---

CAMERON CATES,

> *Plaintiff-Appellant*,

v.                                                      23-7501

JARED SHLEMOVITZ, d/b/a JUNTO SOUNDS, PROCTER & GAMBLE CO., d/b/a FEBREZE, GREY GLOBAL GROUP LLC, WPP GROUP USA, INC.,

> *Defendants-Appellees*.

---

For Plaintiff-Appellant:                    CAMERON CATES, *pro se*, South New Berlin, NY.

---

[1] Judge Natasha C. Merle, United States District Judge for the Eastern District of New York, sitting by designation.

For Defendants-Appellees Proctor & Gamble Corp., Grey Global Group LLC, And WPP Group USA, Inc.:

MARC J. RACHMAN (Jennifer T. Klausner, Danielle C. Zolot, *on the brief*), Davis+Gilbert LLP, New York, NY.

For Defendant-Appellee Jared Shlemovitz:

Ronald A. Giller, Gordon Rees Scully Mansukhani, LLP, Florham Park, NJ.

Appeal from a judgment of the United States District Court for the Northern District of New York (Anne M. Nardacci, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Cameron Cates, proceeding *pro se*, appeals from a judgment entered on September 22, 2023, dismissing his suit against Defendants-Appellees Grey Advertising Corporation, Procter & Gamble Corporation ("P&G"), WPP Group USA Incorporated, and Jared Shlemovitz. Cates alleges that various P&G advertisements for the product Febreze contain a jingle copying a five-note portion of a song to which he holds a copyright. He brought suit in the United States District Court for the Northern District of New York (Anne M. Nardacci, *District Judge*) against the Defendants, asserting a single claim for copyright infringement under 17 U.S.C. § 101 *et seq*. The district court dismissed the case pursuant to Fed. R. Civ. P. 12(b)(6), holding that Cates failed to allege substantial similarity between the P&G advertisements and his song. *See Cates v. Shlemovitz*, No. 21-cv-805, 2023 WL 6200196 (N.D.N.Y. Sept. 22, 2023). Cates now appeals. We assume the parties' familiarity with the case.

"We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir.

2

2020).[2]  To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  We also review a district court's determination of substantial similarity *de novo*.  *Abdin*, 971 F.3d at 66.  Substantial similarity may be addressed at the motion to dismiss stage when "the district court has before it all that is necessary to make a comparison of the works in question" "without the aid of discovery or expert testimony."  *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 65 (2d Cir. 2010).

To state a claim for copyright infringement, a plaintiff with a valid copyright "must demonstrate that: (1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and *the protectible elements* of plaintiff's work."  *Abdin*, 971 F.3d at 66 (second emphasis added).  Generally, "[t]he standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same."  *Peter F. Gaito*, 602 F.3d at 66.  Two works are not substantially similar as a matter of law if "the similarity between [the] two works concerns only non-copyrightable elements of the plaintiff's work, or [if] no reasonable jury, properly instructed, could find that the two works are substantially similar."  *Id.* at 63.  In a copyright infringement action, "the works themselves supersede and control contrary descriptions of them" in the pleadings.  *Id.* at 64.

We affirm the district court's dismissal of the Complaint for failure to plausibly allege substantial similarity because the five-note sequence at issue is not a protectable element of Cates's song.  Our Court has reasoned that "all creative works draw on the common wellspring that is the

---

[2]  Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

public domain," and so "even works which express enough originality to be protected also contain material that is not original, and hence that may be freely used by other designers." *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 132 (2d Cir. 2003). "[E]lemental 'raw materials,' like colors, letters, descriptive facts," and the basic building blocks of music are not protected by copyright. *Id.* We agree with the district court that the "five-note sequence without any distinctively original lyrics, tempo, melody, tone, repetition, or cadence simply does not present 'protectable elements' necessary to advance [Cates's] putative infringement claim." *Cates*, 2023 WL 6200196 at \*8; *see also Boisson v. Banian, Ltd.*, 273 F.3d 262, 272 (2d Cir. 2001) (in determining substantial similarity, courts are "guided by comparing the 'total concept and feel' of the contested works"). Cates cannot plausibly allege that the Defendants took from his work "so much of what is pleasing to the ears of lay listeners . . . that [the Defendants] wrongfully appropriated something" that belongs to him. *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997). Accordingly, because the Complaint alleges only that the advertisements are similar to the unprotected five-note sequence in his song, Cates has failed to plausibly allege a copyright infringement.[3]

The Defendants separately ask this Court to affirm the district court's judgment on the independent grounds that Cates failed to plead facts showing the Defendants actually copied his song. We need not reach that issue, however, because we conclude the district court's judgment must be affirmed for Cates's failure to plead substantial similarity between the two works.

\*   \*   \*

---

[3] Cates argues for the first time on appeal that the five-note song portion at issue is protected because of its particular placement in his song. We do not generally consider arguments raised for the first time on appeal, *United States v. Gershman*, 31 F.4th 80, 95 (2d Cir. 2022), and find no reason to do so here.

4

We have considered all of Cates's arguments and find them unpersuasive.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court